# EXHIBIT A

23VECV00365

Electronically FILED by Superior Court of California, County of Los Angeles on 01/26/2023 03:31 PM David W. Slayton, Executive Officer/Clerk of Court, by A. Salcedo, Deputy Clerk

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
T-MOBILE USA, INC. dba T-MOBILE, a California corporation; and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EZEQUIEL PAREDES JR., an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES; VAN NUYS COURTHOUSE EAST; 6230 SYLMAR AVE.; VAN NUYS, CA 91401 | CASE NUMBER: *(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
W. ZEV ABRAMSON; 11846 VENTURA BLVD., STE 100, STUDIO CITY, CA 91604; (213) 493-6300

| DATE:<br>*(Fecha)* 01/26/2023 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court , Deputy |
| | *(Secretario)* A. Salcedo *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* T- mobile USA, Inc. dba T-Mobile , a California corporation

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

Assigned for all purposes to: Van Nuys Courthouse East, Judicial Officer: Huey Cotton

Electronically FILED by Superior Court of California, County of Los Angeles on 01/26/2023 03:31 PM David W. Slayton, Executive Officer/Clerk of Court, by A. Salcedo, Deputy Clerk

W. Zev Abramson, Esq. # 289387
Baruch Y. Kreiman, Esq. # 306328
Nissim Levin, Esq. # 306376
**ABRAMSON LABOR GROUP**
11846 Ventura Boulevard, Suite 100
Studio City, California 91604
Tel:    (213) 493-6300
Fax:    (213) 382-4083

Attorneys for Plaintiff,
EZEQUIEL PAREDES JR.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| EZEQUIEL PAREDES JR., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC. dba T-MOBILE, a California corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL:**<br><br>1. Failure to Provide Overtime Wages<br>2. Failure to Pay Minimum Wage<br>3. Failure to Provide Meal Periods<br>4. Failure to Provide Rest Breaks<br>5. Failure to Pay Wages Due Upon Termination; Waiting Time Penalties<br>6. Failure to Issue Accurate and Itemized Wage Statements<br>7. Failure to Indemnify<br>8. Unlawful Business Practices in Violation of CA B&P Code 17200<br><br>**Over $25,000** |

PLAINTIFF complains and alleges as follows:

1.     On information and belief, Plaintiff, EZEQUIEL PAREDES JR., was a resident of the County of Los Angeles, State of California, at all relevant times.

2.     At all relevant times, Defendant, T-MOBILE USA, INC. dba T-MOBILE (hereinafter "T-MOBILE"), was a California corporation doing business in California at 6375 Van Nuys Blvd., Van Nuys, California 91401, in the County of Los Angeles.

3.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive

1    and so Plaintiff sues them by these fictitious names.  Upon discovering the true names and

2    capacities of these fictitiously named defendants, Plaintiff will amend this complaint to show the

3    true names and capacities of these fictitiously named defendants.

4         4.       Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and

5    on the basis of that information and belief alleges that at all times herein mentioned, each of the

6    remaining co-defendants, in doing the things hereinafter alleged, was acting within the course,

7    scope and under the authority of his/her/its agency, employment, or representative capacity, with

8    the consent of her/his/its co-defendants.

9         5.       Plaintiff began working for T-MOBILE on or about November 8, 2014.

10        6.       Plaintiff was employed as a Retail Store Manager for T-MOBILE.

11        7.       Plaintiff alleges that for the duration of his employment at Defendant T-MOBILE,

12   Plaintiff was a non-exempt employee and was last compensated at an hourly rate of $34.00 plus

13   commissions.

14        8.       Plaintiff alleges that he has not been compensated all due wages upon termination

15   because Defendant T-MOBILE failed to properly compensate him all overtime wages whenever

16   he worked in excess of eight (8) hours in a workday. On average, Plaintiff worked an additional

17   ten (10) minutes off the clock each shift, for which he received no compensation.

18        9.       Plaintiff alleges that Defendant T-MOBILE failed to provide him with all legally

19   mandated respite periods in accordance with California Labor laws. On average, Plaintiff missed

20   four (4) meal periods and five (5) rest breaks each week given the voluminous nature of his

21   work.

22        10.      Plaintiff alleges that Defendant required him to use his personal property to

23   complete his job duties and was never reimbursed for it.

24        11.      Plaintiff alleges Defendant has engaged in, among other things a system of willful

25   Violations of the California Labor Code and applicable IWC wage orders. Defendant acted

26   intentionally and with deliberate indifference and conscious disregard to Plaintiff's rights by

27   failing to provide Plaintiff off-duty meal periods, duty-free rest breaks, failing to keep and

28   provide accurate and timely records of wages earned and other legally mandated records,

1   requiring Plaintiff to work through meal periods as well as off the clock, failing to pay overtime

2   wages, and failing to pay Plaintiff whose employment has terminated a final payment of his

3   wages in a prompt and timely manner in conformity with Labor Codes §§ 201 — 203, 226,

4   226.7, 512, and 1174.

5   12.   As a direct and proximate result of the unlawful acts of Defendant, Plaintiff has

6   suffered and continues to suffer from losses of earnings and otherwise in amounts as yet

7   unascertained but subject to proof at trial.

8

9   First Cause of Action

10  **FAILURE TO PAY OVERTIME COMPENSATION**

11  (Against Defendant T-MOBILE)

12  13.   Plaintiff re-alleges the allegations set forth in Paragraphs 1-12 as though fully set

13  forth and alleged herein.

14  14.   Pursuant to California law, for the four years preceding this action Defendant T-

15  MOBILE was required to compensate Plaintiff for all overtime which is calculated at:

16  15.   One and one-half (1½) times the hourly rate of pay for all hours worked in excess

17  of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours

18  worked on the seventh (7th) consecutive day of work in a workweek, and

19  16.   Two (2) times the rate of pay for all hours worked in excess of twelve (12) hours

20  per day, and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive

21  day of work in a workweek.

22  17.   Plaintiff was a non-exempt employee entitled to the protections of the Industrial

23  Welfare Commission Orders mentioned herein, California Code of Regulations, Title 8, § 11010.

24  18.   During the course of Plaintiff's employment, Defendant T-MOBILE failed to

25  compensate Plaintiff for all overtime hours worked in excess of eight (8) hours per day and forty

26  (40) hours per week and for the first eight (8) hours worked on the seventh (7th) consecutive day

27  of work in a workweek. Moreover, Defendant failed to compensate Plaintiff for double-time

28  hours worked in excess of twelve (12) hours per day, and for all hours worked in excess of eight

Complaint and Demand for Jury Trial
3

(8) hours on the seventh (7th) consecutive day of work in a workweek as required under the aforementioned statutes and regulations.

19.    Plaintiff alleges that Defendant T-MOBILE failed to properly compensate him all overtime wages earned as Plaintiff was never compensated for the additional ten (10) minutes of off the clock work performed each shift.

20.    Defendant willfully refused and continues to refuse to pay Plaintiff overtime in a timely manner, as required by the aforementioned statutes. Plaintiff therefore requests restitution and penalties as provided by California Labor Code § 203.

21.    Defendant's conduct described herein violates California Labor Code §§ 512, 515.5, 558, 1194 and 1198. Therefore, pursuant to Labor Code §§ 218.5, 512, 515.5, 558 and 1194, Plaintiff is entitled to recover damages for the nonpayment of wages for all hours worked, penalties plus reasonable attorney's fees.

22.    As a direct and proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial, but in an amount in excess of the jurisdiction of this court.

## Second Cause of Action

### FAILURE TO PAY MINIMUM WAGE

(Against Defendant T-MOBILE)

23.    Plaintiff re-alleges the allegations set forth in Paragraphs 1-22 as though fully set forth and alleged herein.

24.    Section 1194 of the Labor Code provides, in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ... applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit."

25.    Section 1194.2 of the Labor Code provides, in relevant part: "In any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage

1   fixed by an order of the commission, an employee shall be entitled to recover liquidated damages

2   in an amount equal to the wages unlawfully unpaid and interest thereon."

3       26.     During the course of Plaintiff's employment, Defendant T-MOBILE failed to pay

4   Plaintiff minimum wage for some of the hours that Plaintiff worked for them.

5       27.     Plaintiff alleges that Defendant T-MOBILE failed to compensate him at least the

6   state mandated minimum wage rate for the additional ten (10) minutes of off the clock work

7   performed each shift.

8       28.     Furthermore, pursuant to §§ 1194.2 and 218 of the California Labor Code,

9   Plaintiff is entitled to recover liquidated damages in an additional amount equal to the amount

10  Plaintiff is entitled to under § 1194.

11      29.     Pursuant to § 1194 of the California Labor Code, Plaintiff is also entitled to

12  recover interest, costs, and attorney's fees associated with this cause of action.

13      30.     Defendant further willfully refused and continues to refuse to pay Plaintiff all

14  wages owed to Plaintiff in a timely manner, as required by the aforementioned statutes. Plaintiff

15  therefore requests restitution and penalties as provided by California Labor Code § 203.

16

17                          Third Cause of Action

18              **FAILURE TO PROVIDE MEAL PERIODS**

19                     (Against Defendant T-MOBILE)

20      31.     Plaintiff re-alleges the allegations set forth in Paragraphs 1-30 as though fully set

21  forth and alleged herein.

22      32.     Labor Code § 512 and IWC Wage Order section 2001 requires that an employer

23  provide its employees with a 30-minute meal break for every five-hour increment of time

24  worked: (a) An employer may not employ an employee for a work period of more than five

25  hours per day without providing the employee with a meal period of not less than 30 minutes,

26  except that if the total work period per day of the employee is no more than six hours, the meal

27  period may be waived by mutual consent of both the employer and employee. An employer may

28  not employ an employee for a work period of more than 10 hours per day without providing the

1   employee with a second meal period of not less than 30 minutes, except that if the total hours

2   worked is no more than 12 hours, the second meal period may be waived by mutual consent of

3   the employer and the employee only if the first meal period was not waived.

4      33.    Labor Code § 226.7 further provides that for every meal break it fails to provide,

5   the employer must reimburse the employee at a rate of an hour's pay at the employee's regular

6   rate of pay for each meal period so missed: (a) No employer shall require any employee to work

7   during any meal or rest period mandated by an applicable order of the Industrial Welfare

8   Commission. (b) If an employer fails to provide an employee a meal period or rest period in

9   accordance with an applicable order of the Industrial Welfare Commission, the employer shall

10  pay the employee one additional hour of pay at the employee's regular rate of compensation for

11  each workday that the meal or rest period is not provided.

12     34.    Plaintiff was not allowed to take meal breaks during his shifts. Even if Defendant

13  T-MOBILE nominally permitted Plaintiff to take meal breaks, Plaintiff was unable to avail

14  himself of such breaks for various reasons, including but not limited to, the fact that Plaintiff's

15  work was too voluminous and time-consuming to complete in the number of scheduled hours.

16     35.    As a direct and proximate result of Defendant T-MOBILE's unlawful failure to

17  authorize, permit, and provide meal breaks as required by law, Plaintiff has suffered, and will

18  continue to suffer, damages in the form of unpaid wages, the precise amounts of which will be

19  ascertained according to proof at trial. Plaintiff is entitled to recover such damages, as well as

20  attorney's fees and costs under Labor Code § 218.5.

## Fourth Cause of Action

### FAILURE TO PROVIDE REST BREAKS

(Against Defendant T-MOBILE)

25     36.    Plaintiff re-alleges the allegations set forth in Paragraphs 1-35 as though fully set

26  forth and alleged herein.

27     37.    Pursuant to the applicable IWC Wage Order section 2001 requires that an

28  employer provide its employees with a 10-minute rest break for every four-hour increment of

1   time worked.

2       38.     Labor Code § 226.7 and IWC Wage Order section 2001, further require that for

3   every workday in which an employer fails to provide a rest period during any four-hour

4   increment, the employer must reimburse the employee at a rate of an hour's pay at the

5   employee's regular rate of pay.

6       39.     Plaintiff was prevented from taking statutorily mandated rest breaks during

7   Plaintiff's shifts. Plaintiff was unable to avail himself of such breaks for various reasons,

8   including but not limited to, the pressures from Plaintiff's workload and from management to

9   take shorter breaks than he was entitled to, or none at all.

10      40.     Defendant T-MOBILE failed to provide Plaintiff with the necessary coverage to

11  take all mandated rest breaks. Defendant T-MOBILE further failed to compensate Plaintiff for

12  the missed rest breaks at his regular rate of pay.

13      41.     By virtue of Defendant T-MOBILE's unlawful failure to authorize, permit, and

14  provide rest breaks as required by law, Plaintiff has suffered, and will continue to suffer,

15  damages in an amount which is presently unknown to them, but which exceed the jurisdictional

16  limits of this Court and which will be ascertained according to proof at trial. Plaintiff is entitled

17  to recover such damages, as well as attorney's fees and costs under Labor Code § 218.5.

18

19                              Fifth Cause of Action

20      **FAILURE TO PAY WAGES DUE UPON TERMINATION; WAITING TIME**

21                                  **PENALTIES**

22                          (Against Defendant T-MOBILE)

23      42.     Plaintiff re-allege the allegations set forth in Paragraphs 1-41 as though fully set

24  forth and alleged herein.

25      43.     California Labor Code §§ 201 and 202 require Defendants to pay all

26  compensation due and owing to former employees at or around the time their employment is

27  terminated.

28      44.     California Labor Code § 203 provides that if an employer willfully fails to pay

Complaint and Demand for Jury Trial

7

1  compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the

2  employer is liable for penalties in the form of continued compensation up to thirty (30) work

3  days.

4      45.     Defendant T-MOBILE willfully failed to pay Plaintiff all wages due to him at the

5  time of his separation as required by California Labor Code §§ 201 and 202.

6      46.     California Labor Code § 203 provides that an employee's wages not paid upon

7  termination shall continue as a penalty until paid or for a period of up to thirty (30) days from the

8  time they were due.

9      47.     Plaintiff alleges that he was not compensated all due wages at the time of his

10  separation as Defendant T-MOBILE failed to compensate him for the ten (10) minutes of off the

11  clock work performed each shift.

12      48.     Defendant T-MOBILE's failure to pay all wages owed was willful and intentional

13  and Plaintiff is thus entitled to penalties under Labor Code § 203.

14      49.     Pursuant to Labor Code § 203, Plaintiff is entitled to thirty (30) days' worth of

15  wages as a penalty, plus attorney's fees, calculated against Defendant by multiplying their daily

16  rate of pay by thirty (30) days.

17

18                          <u>Sixth Cause of Action</u>

19          **FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS**

20                          (Against Defendant T-MOBILE)

21      50.     Plaintiff re-alleges the allegations set forth in Paragraphs 1-49 as though fully set

22  forth and alleged herein.

23      51.     California Labor Code § 226(a) requires that employers, when paying their non-

24  exempt employees' wages, include an "itemized statement in writing showing" the "total hours

25  worked by the employee," and "all applicable hourly rates in effect during the pay period and the

26  corresponding number of hours worked at each hourly rate."

27      52.     Defendant T-MOBILE implemented an employment practice whereby they failed

28  to provide Plaintiff with accurate wage statement and records, including but not limited to pay

stubs recording all hours worked, paychecks representing all wages earned, wage statements or itemized stubs showing hourly wage, (or piece meal rate), tips, overtime, bonus, vacation, as well as any employment deductions for all hours worked. Defendant's failure to provide or maintain accurate record of overtime hours worked and minimum wages earned specifically injured Plaintiff by depriving Plaintiff of all wages and earnings earned.

53.    Defendant T-MOBILE has willfully and intentionally violated California Labor Code § 226(a) by failing to show the total hours worked, failing to show the applicable overtime rates paid or owed, failing to record overtime hours worked, and failing to pay overtime rates and intentionally not paying or under paying wages.

54.    As a result of Defendant's violation of Labor Code § 226, Plaintiff is entitled to $50.00 for each pay period in which there is an initial violation of Section 226 and $100.00 for each subsequent pay period in which there is a further violation.

55.    Plaintiff seeks injunctive relief under Labor Code § 226 in the form of an order from the Court ordering true to properly state the wages earned, the proper hours worked, and the proper overtime wages paid – and to furnish accurate wage statements to each Plaintiff herein as well as other similarly situated employees of Defendant.

56.    Plaintiff alleges Plaintiff is due a maximum of $4,000.00 as non-taxed penalties and restitution, plus cost and attorney's fees, for pay periods in which Defendant has failed to comply with Labor Code § 226 and for up to one year from the date of filing this action.

<u>Seventh Cause of Action</u>

**VIOLATION OF CALIFORNIA LABOR CODE §§ 2802 et seq.**

(Against Defendant T-MOBILE)

57.    Plaintiff re-alleges the allegations set forth in Paragraphs 1-56 as though fully set forth and alleged herein.

58.    Plaintiff was forced to spend Plaintiff's own money in the performance of work required duties while working for Defendant T-MOBILE. Plaintiff routinely spent Plaintiff's own money on work related charges. Despite Defendant's knowledge that Plaintiff was required

1    to use Plaintiff's own money to pay for work related expenses, Defendant never reimbursed

2    Plaintiff for these expenses, in violation of California Labor Code Section 2802.

3          59.    Plaintiff was required to use his personal cellphone to complete his assigned job

4    duties and was never reimbursed for it.

5          60.    Plaintiff was required to use his personal vehicle to complete his assigned job

6    duties and was never reimbursed for it.

7          61.    As a proximate result of Defendant's willful refusal to reimburse Plaintiff for

8    expenses incurred, Plaintiff is entitled to recover those costs, attorney's fees, as well as penalties

9    pursuant to California Labor Code Section 2802.

10    Eighth Cause of Action

11    **UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS &**

12    **PROFESSIONS CODE § 17200**

13    (Against Defendant T-MOBILE)

14          62.    Plaintiff re-alleges the allegations set forth in Paragraphs 1-61 as though fully set

15    forth and alleged herein.

16          63.    By violating the aforementioned statutes and regulations, the acts of Defendant T-

17    MOBILE constitute unfair and unlawful business practices under California Business &

18    Professions Code § 17200, et seq.

19          64.    Defendant T-MOBILE's violations of California wage and hour laws constitute a

20    business practice because they were committed repeatedly over a significant period of time and

21    in a systematic manner to the detriment of Plaintiff.

22          65.    Defendant T-MOBILE's violations of California's laws regarding maintaining

23    records constitute a business practice because they were committed repeatedly over a significant

24    period of time and in a systematic manner to the detriment of Plaintiff.

25          66.    For the four years preceding the filing of this action, Plaintiff has suffered

26    damages and request damages and/or restitution of all monies and profits to be disgorged from

27    Defendant in an amount according to proof at time of trial, but in excess of the jurisdiction of

28    this court.

1    <u>WHEREFORE, Plaintiff prays for the following relief:</u>

2    1.    For special damages in an amount according to proof for Plaintiff's loss of past and future

3          earnings, loss of benefits, loss of bonuses, expenses to obtain new employment, loss of

4          job security and all damages flowing therefrom;

5    2.    For punitive damages, as allowed by law, that will sufficiently punish, make an example

6          of, and deter future conduct by Defendants;

7    3.    For restitution of all monies due to Plaintiff and disgorgement of profits from the

8          unlawful business practices of Defendants;

9    4.    For all penalties under all relevant statutes;

10   5.    For all costs and disbursements incurred in this suit;

11   6.    For all interest as allowed by law;

12   7.    For attorney's fees and costs; and

13   8.    For such other and further relief as the Court deems just and proper.

14

15

16   DATED: December 6, 2022                          ABRAMSON LABOR GROUP

17

18                                            By: _____

19                                                 W. Zev Abramson, Esq.
                                                   Baruch Y. Kreiman, Esq.
20                                                 Nissim Levin, Esq.
                                                   Attorneys for Plaintiff

21

22

23

24

25

26

27

28

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Van Nuys Courthouse East
6230 Sylmar Avenue, Van Nuys, CA 91401

PLAINTIFF/PETITIONER:
Ezequiel Paredes, Jr.

DEFENDANT/RESPONDENT:
T-MOBILE USA, INC. dba T-MOBILE, a California corporation

### CERTIFICATE OF MAILING

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
01/27/2023
David W. Slayton, Executive Officer / Clerk of Court
By: ___ A. Ataryan ___ Deputy

CASE NUMBER:
23VECV00365

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Van Nuys, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Baruch Yosef Kreiman
Abramson Levin & Gindi LLP
11846 Ventura Blvd
Suite 100
Studio City, CA 91604



David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>01/27/2023</u>

By: <u>  A. Ataryan  </u>
Deputy Clerk

### CERTIFICATE OF MAILING

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Van Nuys Courthouse East
6230 Sylmar Avenue, Van Nuys, CA 91401

**PLAINTIFF:**
Ezequiel Paredes, Jr.

**DEFENDANT:**
T-MOBILE USA, INC. dba T-MOBILE, a California corporation

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

01/27/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Ataryan _____ Deputy

**CASE NUMBER:**
23VECV00365

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|-------|-------|--------|
| 06/05/2023 | 8:30 AM | A |

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608 subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 01/27/2023

_____ Huey P. Cotton / Judge _____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Van Nuys _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Baruch Yosef Kreiman
11846 Ventura Blvd
Suite 100
Studio City, CA 91604

David W. Slayton, Executive Officer / Clerk of Court

Dated: 01/27/2023

By A. Ataryan
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

Electronically FILED by Superior Court of California, County of Los Angeles on 01/26/2023 03:31 PM David W. Slayton, Executive Officer/Clerk of Court, by A. Salcedo, Deputy Clerk

22VECV00365

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>W. ZEV ABRAMSON, ESQ. (SBN #289389); ABRAMSON LABOR GROUP<br>11846 VENTURA BLVD., STE 100; STUDIO CITY, CA 91604<br><br>TELEPHONE NO.: (213) 493-6300    FAX NO. *(Optional):* (213) 382-4083<br>E-MAIL ADDRESS: wza@abramsonlabor.com<br>ATTORNEY FOR *(Name):* EZEQUIEL PAREDES JR. | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 6230 SYLMAR AVE.
MAILING ADDRESS:
CITY AND ZIP CODE: VAN NUYS 91401
BRANCH NAME: VAN NUYS COURTHOUSE EAST

CASE NAME:
PAREDES V T-MOBILE USA, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
   issues that will be time-consuming to resolve    courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence    court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 8
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: DECEMBER 6 2022
W. ZEV ABRAMSON, ESQ.
_____    ▶ _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties In Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: PAREDES v T-MOBILE USA, INC. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: PAREDES v T-MOBILE USA, INC. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: PAREDES v T-MOBILE USA, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: PAREDES v T-MOBILE USA, INC. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br><br> ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: <br><br> 6375 VAN NUYS BLVD. |
|---|---|

| CITY: <br> VAN NUYS | STATE: <br> CA | ZIP CODE: <br> 91401 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the NORTHWEST JUDICIAL _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: DECEMBER 6, 2022

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**



## Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

    **a.** **The Civil Mediation Vendor Resource List**
        <u>If all parties agree to mediation</u>, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

        **These organizations cannot accept every case and they may decline cases at their discretion.**
            Visit www.lacourt.org/ADR.Res.List for important information and FAQs <u>before</u> contacting them.
            NOTE: This program does not accept <u>family law, probate, or small claims cases.</u>

    **b.** **Los Angeles County Dispute Resolution Programs**
        https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day-of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations <u>before</u> the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer <u>before</u> the day of trial visit
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

    **c.** **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**

**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

      (INSERT DATE)     (INSERT DATE)

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)         (ATTORNEY FOR PLAINTIFF)

Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)         (ATTORNEY FOR DEFENDANT)

Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)         (ATTORNEY FOR DEFENDANT)

Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)         (ATTORNEY FOR DEFENDANT)

Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)         (ATTORNEY FOR _____ )

Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)         (ATTORNEY FOR _____ )

Date:

_____    ➢  _____
     (TYPE OR PRINT NAME)         (ATTORNEY FOR _____ )

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):                         FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: | |
|---|---|---|---|

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):            FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Van Nuys Courthouse East
6230 Sylmar Avenue, Van Nuys, CA 91401

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

01/26/2023

David W. Slayton, Executive Officer / Clerk of Court

By:          A. Salcedo          Deputy

</td></tr>
<tr><td colspan="2">

**Your case is assigned for all purposes to the judicial officer indicated below.**

</td><td>

CASE NUMBER:
23VECV00365

</td></tr>
</table>

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Huey P. Cotton | A | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/27/2023
   (Date)

**David W. Slayton, Executive Officer / Clerk of Court**

By A. Salcedo _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**